UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOSEPH A. CAUFIELD )
PATRICIA A. CAUFIELD )
    Plaintiffs )
 )
 ) CASE NO. 3:12-452
v. )
 )
 ) **OPINION AND ORDER**
HSBC MORTGAGE SERVICES, INC., )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC., and )
WM. TIMOTHY HILL, Substitute Trustee )
    Defendants )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Motions to Dismiss filed by the three Defendants. (DE 3, 5, 11.) Because this Court has no subject matter jurisdiction over this action, the Court will GRANT the motions.

This case arises out of a foreclosure on a residence owned by the Plaintiffs. They are proceeding *pro se* and have named three Defendants: HSBC Mortgage Services, Inc., Mortgage Electronic Registration Systems, Inc., and Wm. Timothy Hill, who is the substitute trustee appointed by the lender. The Plaintiffs caption their petition as a "Petition for Quiet Title."

They assert that they secured a mortgage from Accredited Home Lenders, Inc. for the purchase of their residence. They assert that they later received a notice stating that the property would be sold as part of a foreclosure action. They assert that the notice stated that the owner of the loan was now HSCB Mortgage Services, Inc., one of the defendants in this action.

The Plaintiffs assert that they have filed this action to determine the entity that currently owns their loan and holds the mortgage on their property. (DE 1, Petition, p. 2.) They also ask for a declaratory judgment barring any of the Defendants from claiming any right to the property.

All of the Defendants argue that this matter should be dismissed for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of establishing its existence. *Ohio Nat. Life. Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990).

Federal courts have limited jurisdiction. Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1332, federal courts have jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between. . . citizens of different states . . . . ." 28 U.S.C. § 1332(a)(1). There must be complete diversity between all plaintiffs and all defendants. No plaintiff can be a citizen of the same state as any defendant. *Exact Software North America, Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

Here, the Plaintiffs are Tennessee citizens and so is Defendant Wm. Timothy Hill. Accordingly, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332. The Plaintiffs have not asserted any claim "arising under the Constitution, laws, or treaties of the United States." Accordingly, this Court does not have jurisdiction over this action under 28 U.S.C. § 1331.

Because this Court does not have subject matter jurisdiction to resolve this matter, it must be dismissed. For this reason, the Court hereby ORDERS that the motions to dismiss filed by HSBC Mortgage Services, Inc. (DE 5), Mortgage Electronic Registration Systems, Inc. (DE 11), and Wm. Timothy Hill, Substitute Trustee (DE 3) are GRANTED and this action is DISMISSED.

Dated this 19th day of August, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

3

Case 3:12-cv-00452-KC-CCS   Document 19   Filed 08/20/13   Page 3 of 3   PageID #: 213